IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ENRIQUE SARDINETAS-SANCHEZ,**

    **Petitioner,**

v.                                                **Case No. 1:15-cv-13924**

**B. J. JOHNSON, Warden**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On October 13, 2015, Petitioner Enrique Sardinetas-Sanchez ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that the sole due process violation alleged by Petitioner has now been remedied, his petition is moot; therefore, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

## I. Relevant History

Petitioner initiated the instant habeas proceeding during a period of incarceration at the Federal Correctional Institution ("FCI") in McDowell County, West Virginia. Petitioner complains about a disciplinary proceeding that took place when he was a

federal prisoner housed at the Reeves County Detention Center in Pecos, Texas in February 2014. (ECF No. 1 at 10). According to Petitioner, he was the subject of a disciplinary hearing conducted by a Discipline Hearings Officer ("DHO"), who was not an employee of the Federal Bureau of Prisons ("BOP") or the "Federal Prison Industries." (*Id.* at 7). The DHO found Petitioner guilty of possessing a hazardous tool in violation of BOP rules and punished him by taking away 41 days of good conduct credit. (*Id.* at 12). Petitioner argues that because the DHO was not a BOP staff member, the DHO was not authorized by law to impose this sanction. Petitioner maintains that the imposition of any sanction by a non-authorized official is a violation of Petitioner's due process rights. Accordingly, Petitioner seeks reinstatement of 41 days of good conduct credit. (*Id.* at 6-8).

On November 2, 2015, after Petitioner paid the requisite filing fee, the undersigned ordered the Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 6). Respondent filed a response and motion to dismiss the petition on November 13, 2015, arguing that the petition was moot, because the disciplinary charge against Petitioner giving rise to the sanction had been scheduled for a rehearing before a DHO at FCI McDowell, and this DHO was employed by the BOP. (ECF No. 9 at 2). Respondent supplied an affidavit and other documentation verifying that Petitioner's charge had been remanded for a rehearing. (*Id.* at 5-7).

In light of Respondent's representations, the undersigned entered an Order on November 16, 2015, providing Petitioner with twenty days to reply in opposition to Respondent's claim that the disciplinary charge was scheduled for rehearing before a BOP DHO, and to the contention that a rehearing would moot the habeas petition. (ECF No. 10). Petitioner did not file a reply. According to the Bureau of Prisons' website, Petitioner

has now been relocated to the Federal Correctional Institution-McRae in McRae, Georgia. *See* www.bop.gov/inmateloc/

## II. Discussion

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "A habeas petition becomes moot when a petitioner's claim for relief can no longer be redressed by a favorable decision of the court." *Rodriquez-Puente v. Feather,* No. 3:14-cv-01939, 2015 WL 3514173, at *2 (D. Or. June 4, 2015) (*citing Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed. 2d 58 (1983)); *also Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

Here, Petitioner challenges the constitutionality of the disciplinary proceeding conducted at the Reeves County Detention Center on the ground that the DHO was not an employee of the BOP. Petitioner is receiving (or already has received) a rehearing with the alleged defect corrected. The DHO conducting the rehearing is a BOP employee. Petitioner does not dispute that a rehearing has been scheduled, nor does he contest the assertion that a rehearing by a BOP DHO will remedy the alleged constitutional violation. Accordingly, the undersigned **FINDS** that the full measure of relief available to the

3

petitioner has been provided, and his claim is, therefore, moot. *See Rodriquez-Puente,* 2015 WL 3514173, at *2 (holding that "there is no relief that can be provided by a favorable decision" when a rehearing is conducted by a BOP DHO) (collecting cases). The undersigned further **FINDS** that as Petitioner raises no other challenge to the disciplinary proceeding, his petition should be dismissed.[1]

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and

2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de*

---

[1] Petitioner does not challenge the sufficiency of the evidence against him. Indeed, the Incident Report indicates that Petitioner admitted to possessing a cellular telephone, which is considered a hazardous tool in the federal prison system. (ECF No. 1 at 10). Consequently, the decision of the DHO was supported by "some evidence," consistent with due process principles. *Rodriquez-Puente,* 2015 WL 3514173, at *3.

4

*novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner at CI McRae in McRae, Georgia and counsel of record.

**FILED:** August 12, 2016

Cheryl A. Eifert
United States Magistrate Judge